CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

FELIPE CONDE, on behalf of himself and
others similarly situated,

                       Plaintiff,

    -against-

ROM GROCERY CORP. d/b/a BAGELS & SCHMEAR,
MOD GROCERY NY, CORP. d/b/a BAGELS & SCHMEAR,
ZON GROCERY NEW CORP. d/b/a BAGELS & SCHMEAR,
GOOD LAK NY, CORP. d/b/a BAGELS & SCHMEAR,
ROMANA MOTCHOURAD, and ARMANDO HUITZL,

                       Defendants.

---------------------------------------------------------------------------X

Case No. 20-CV-2086

FLSA COLLECTIVE
ACTION and RULE
23 CLASS ACTION
COMPLAINT

**Jury Trial
Demanded**

Plaintiff, FELIPE CONDE ("Plaintiff"), on behalf of himself and other similarly

situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC,

files this Complaint against defendants ROM GROCERY CORP. ("ROM GROCERY"),

MOD GROCERY NY, CORP. ("MOD GROCERY"), ZON GROCERY NEW CORP.

("ZON GROCERY"), GOOD LAK NY, CORP. ("GOOD LAK") (collectively, the

"Corporate Defendants"), ROMANA MOTCHOURAD, and ARMANDO HUITZL

(collectively, the "Individual Defendants") (the Corporate Defendants and Individual

Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day that Plaintiff's work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

5.     Plaintiff is a resident of Queens County, New York.

6.     Defendant, ROM GROCERY, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 114 East 28th Street, New York, New York 10016.

2

7.    Defendant, MOD GROCERY, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 114 East 28th Street, New York, New York 10016.

8.    Defendant, ZON GROCERY, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 114 East 28th Street, New York, New York 10016.

9.    Defendant, GOOD LAK, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 114 East 28th Street, New York, New York 10016.

10.    The Corporate Defendants jointly own and operate a bakery and restaurant doing business as "Bagels & Schmear," located at 114 East 28th Street, New York, New York 10016 (the "Restaurant").

11.    Defendant, ROMANA MOTCHOURAD, is the shareholder, officer, director, supervisor, managing agent and/or proprietor of each of the Corporate Defendants, who actively participates in the day-to-day operations of the Restaurant, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

12.    Defendant, ARMANDO HUITZL, is the manager and supervisor of the Restaurant, who actively participates in the day-to-day operations of the Restaurant, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York

3

Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

13.    Since 2000, in addition to operating as a retail bakery and restaurant, Defendants also provide full-service catering, wholesale, and delivery service.

14.    Defendants prepare all of its food, including food sold at wholesale and for their clients' catered events, at the Restaurant located at 114 East 28th Street, New York, New York 10016.

15.    At all times relevant hereto, the Individual Defendants exercised control over the terms and conditions of Plaintiff's employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain employment records.

16.    At least within each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants, were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

17.    At all times relevant hereto, the work performed by Plaintiff was directly essential to the business operated by Defendants.

18.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the New York Labor Law.

4

19. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

20. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

21. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

22. At all times relevant hereto, Defendants' primary business was and is the sale of food and drinks for consumption both on and off-premises.

23. Each of the Corporate Defendants constitute a "restaurant" within the meaning of the New York Labor Law.

24. Defendants employ more than eleven (11) employees.

25. Defendant, ROMANA MOTCHOURAD, hires employees to work as managers and/or supervisors to participate in the day-to-day operation of the Restaurant.

26. Defendant, ROMANA MOTCHOURAD, hired defendant ARMANDO HUITZL to work as a manager/supervisor at the Restaurant. Through authority granted to him by ROMANA MOTCHOURAD, Mr. Huitzl had authority to and did hire Plaintiff. Mr. Huitzl was one of Plaintiff's supervisors.

27. Through authority granted to him by ROMANA MOTCHOURAD, Mr. Huitzl had authority to and did set Plaintiff's work schedule and paid Plaintiff.

28. Defendant, ROMANA MOTCHOURAD, also actively participates in the day-to-day operation of the Restaurant. For instance, ROMANA MOTCHOURAD also

5

personally hires and fires employees, supervises and directs the work of the employees, and instructs the employees how to perform their jobs.

29.    Although Defendant ROMANA MOTCHOURAD provides managers with some authority to effectively run the day-to-day operation of the Restaurant, including the hiring of employees, ROMANA MOTCHOURAD creates and implements all business policies and makes all crucial business decisions, including those concerning the amount of pay that the employees are entitled to receive, the hours that the employees are permitted or required to work, and the manner and method by which the employees are to be paid.

30.    The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the business operated by Defendants.

31.    The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants share Plaintiff and other similarly situated employees, act in the interest of each other with respect to employees, pay their employees by the same plan or scheme, and are themselves under common control.

32.    The Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

6

33.     The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and is controlled by one person or group of persons, corporations, or other organizational units acting together.

34.     In or about 2011, Defendants hired Plaintiff to work at the Restaurant as a non-exempt food preparer/kitchen worker, sandwich maker, cashier, and customer attendant.

35.     Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

36.     Defendants employed Plaintiff in those capacities until on or about February 21, 2020.

37.     From the beginning of his employment and continuing through in or about December 2018, although Plaintiff's work shift fluctuated slightly each week, Plaintiff normally worked six (6) days per week, and his work schedule normally consisted of ten (10) hours per day Monday through Friday from 8:00 a.m. until 6:00 p.m.; and eleven (11) hours on Sunday from 5:00 a.m. until 4:00 p.m.  Plaintiff normally received a thirty (30) minute break per day.  Thus, Plaintiff normally worked fifty-eight (58) hours per week, if not more.

38.     Occasionally, Plaintiff's ten (10) hour daily work shift exceeded ten (10) hours.

39.     Beginning in or about January 2019 and continuing through the remainder of his employment on or about February 21, 2020, although Plaintiff's work shift fluctuated slightly each week, Plaintiff normally worked six (6) days per week, and his

7

work schedule normally consisted of eight (8) hours per day Monday through Wednesday from 8:00 a.m. until 4:00 p.m.; nine (9) hours per day on Tuesday and Friday from 7:00 a.m. until 4:00 p.m.; and eleven (11) hours on Sunday from 5:00 a.m. until 4:00 p.m. Plaintiff normally received a thirty (30) minute break per day. Thus, Plaintiff normally worked fifty (50) hours per week, if not more.

40.     Plaintiff was required to punch a time clock or other time-recording device at the start and end of each daily work shift.

41.     During the relevant six (6) year limitations period beginning in March 2014 and continuing through in or about December 2015, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $10 per hour straight time for all hours worked, and worked fifty-eight (58) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

42.     Beginning in or about January 2016 and continuing through in or about December 2016, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $11 per hour straight time for all hours worked, and worked fifty-eight (58) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

43.     Beginning in or about January 2017 and continuing through in or about December 2017, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $12 per hour straight time for all hours worked, and worked fifty-eight (58) hours per week (and sometimes more). Work

8

performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

44.     Beginning in or about January 2018 and continuing through in or about December 2018, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $12 per hour straight time for all hours worked, and worked fifty-eight (58) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

45.     Beginning in or about January 2019 and continuing through the remainder of his employment on or about February 21, 2020, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $15 per hour straight time for all hours worked, and worked fifty (50) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

46.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees statutory minimum wages, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

47.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

48.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

49.     At all times relevant hereto, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by the Defendants since March 9, 2017 through the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

51.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

52.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

53.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

54.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

55.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

> a.     Whether Defendants employed Plaintiff and Collective Action Members within the meaning of the FLSA;

b.   Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.   Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory and liquidated damages, interest, costs and disbursements and attorneys' fees.

56.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

57.   Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

58.   Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

59.   Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since March 9, 2014 until the close of the

opt-out period as set by the Court (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages or overtime compensation in violation of the New York Labor Law (the "Class").

60.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

61.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

62.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

63.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

64.     Plaintiff will fairly and adequately protect the interests of the NY Class members.  Plaintiff understands that, as class representative, he assumes a fiduciary

13

responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

65.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

66.     Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

67.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.     Whether Defendants employed Plaintiff and Class members within the meaning of the New York Labor Law;

b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class;

c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     Whether Defendants failed to pay Plaintiff and members of the Class minimum wages, in violation of the New York Labor Law and the regulations promulgated thereunder;

14

e.  Whether Defendants failed to pay Plaintiff and members of the Class overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.  Whether Defendants failed to pay Plaintiff and members of the Class "spread of hours" premium when their workday exceeded ten (10) hours; and

g.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

68.  Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69.  At all times relevant hereto, upon information and belief, the Corporate Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

70.  At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

71.     At least within each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants separately had gross revenues in excess of $500,000.

72.     At least within each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants jointly had gross revenues in excess of $500,000.

73.     Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

74.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

75.     Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

76.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

77.    As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

78.    As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

79.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

80.    Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

81.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "80" of this Complaint as if fully set forth herein.

82.    At all times relevant hereto, Defendants employed Plaintiff and members of the Class within the meaning of New York Labor Law §§ 2 and 651.

83.    Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay Plaintiff and Class members minimum wages in the lawful amount for hours worked.

84.     Plaintiff and Class members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of forty (40) per workweek.

85.     Defendants failed to pay Plaintiff and Class members overtime compensation in the lawful amount for all hours worked in excess of forty (40) per week in direct contravention of the New York Labor Law.

86.     Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and Class members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the New York Labor Law.

87.     Defendants knowingly and willfully violated the rights of Plaintiff and members of the Class by failing to pay "spread of hours" premium for each day their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations § 146-1.6.

88.     Defendants failed to furnish Plaintiff and members of the Class with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

89.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

90.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net

wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

91.    Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

92.    Plaintiff and Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, FELIPE CONDE, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid minimum wages due under the New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation under the FLSA pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium

pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)     An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i)     Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
        March 9, 2020

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
        Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Felipe Conde_____, am an employee currently or

formerly employed by _Bagels + Schmear_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_2/25_____ , ~~2019~~ 2020

_Felipe Conde_

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

TO: Romana Motchourad and Armando Huitzl

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Felipe Conde and others similarly situated intend to charge you and hold you personally liable as one of the ten largest shareholders of Rom Grocery Corp., Mod Grocery NY, Corp., Zon Grocery New Corp., and Good Lak NY, Corp., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
      March 9, 2020

                              CILENTI & COOPER, PLLC
                              *Attorneys for Plaintiff*
                              10 Grand Central
                              155 East 44th Street – 6th Floor
                              New York, New York 10017
                              T. (212) 209-3933
                              F. (212) 209-7102


                        By: _____
                              Justin Cilenti